1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>             Plaintiff,<br><br>    v.<br><br>LOMU, et al.,<br><br>             Defendants. | Case No. 18-04047 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; ADDRESSING PENDING MOTIONS; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 16, 20) |

18          Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to

19   42 U.S.C. § 1983 against employees at the Maguire Correctional Facility ("MCF") in San

20   Mateo County.  The Court dismissed the complaint with leave to amend for Plaintiff to

21   attempt to state sufficient facts to state a cognizable claim against all named Defendants.

22   (Docket No. 11.)  Plaintiff has filed an amended complaint.  (Docket No. 15.)

23

24                                         **DISCUSSION**

25   **A.      Standard of Review**

26          A federal court must conduct a preliminary screening in any case in which a

27   prisoner seeks redress from a governmental entity or officer or employee of a

28   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

1    cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

2    upon which relief may be granted or seek monetary relief from a defendant who is immune

3    from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally

4    construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

5    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6    elements: (1) that a right secured by the Constitution or laws of the United States was

7    violated, and (2) that the alleged violation was committed by a person acting under the

8    color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9    **B.      Plaintiff's Claims**

10   Plaintiff claims that Defendant Lomu acted with deliberate indifference to serious

11   medical needs in April 2016, when he disregarded requests for medical attention based on

12   Plaintiff's complaints of abdominal pain and vomiting blood. (Am. Compl. at 4.) Many

13   hours later, Plaintiff was taken to the hospital where he was diagnosed with kidney stones.

14   (*Id.* at 5.) After he was returned to MCF, Plaintiff complained of chronic constipation and

15   abdominal pain to Defendant Copeland, who refused to notify medical personnel. (*Id.* at

16   6.) Liberally construed, these claims are sufficient to state a claim for deliberate

17   indifference to serious medical needs under the Eighth Amendment. *See Estelle v.*

18   *Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

19   1992).

20   **C.      Pending Motions**

21   Plaintiff has filed another motion for appointment of counsel based on essentially

22   the same reasons as his first motion for appointment of counsel, (Docket No. 4), i.e.,

23   indigence, the complexity of the issues, limited access to library and knowledge of the law,

24   and that he would be better served by the assistance of counsel should this matter go to

25   trial. (Docket No. 16.) As Plaintiff was previously advised, there is no constitutional

26   right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he

27   loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand*

28

1  *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in §

2  1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir.

3  1998) (en banc).  The decision to request counsel to represent an indigent litigant under §

4  1915 is within "the sound discretion of the trial court and is granted only in exceptional

5  circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff's

6  asserted grounds do not establish exceptional circumstances.  Accordingly, this second

7  motion for appointment of counsel is **DENIED** for lack of exceptional circumstances.  *See*

8  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,*

9  113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v.*

10  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the

11  Court's *sua sponte* appointment of counsel at a future date should the circumstances of this

12  case warrant such appointment.

13  Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. §

14  1915, such that no initial filing was due and that fees were to be paid as were available in

15  Plaintiff's prisoner account.  (Docket No. 10.)  Plaintiff has filed an application for the

16  filing fee of $350 to be waived or modified.  (Docket No. 20.)

17  Section 1915 permits indigent prisoner plaintiffs to proceed in a civil action without

18  the prepayment of filing fees, but still requires that the entire filing fee be paid.  In granting

19  Plaintiff's IFP motion, the Court found that no initial fee was due because of the lack of

20  funds in Plaintiff's account.  (Docket No. 10 at 1.)  The prison trust account office was

21  instructed to take funds for the filing fee from Plaintiff's account in accordance with §

22  19159(B)(1), and instructions were provided.  (*Id.* at 1-2.)  The Court finds no further

23  modification of this order regarding payment of fees is warranted.  Accordingly, Plaintiff's

24  application is DENIED.

25  ///

26  ///

27  ///

28  3

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, (Docket No. 10), all attachments thereto, and a copy of this order upon **Defendants Deputy Sheriffs Lomu and Copeland** at the **San Mateo County Jail, Maguire Correctional Facility** (300 Bradford St., Redwood City, CA 94063).  The Clerk shall also mail a copy of this Order to Plaintiff.

2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

4

a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.      Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

5

copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

11.     Plaintiff's second motion for appointment of counsel is DENIED.  (Docket No. 16.)  Plaintiff's application for waiver or modification of filing fees is DENIED. (Docket No. 20.)

This order terminates Docket Nos. 16 and 20.

**IT IS SO ORDERED.**

Dated: ___July 11, 2019___

BETH LABSON FREEMAN
United States District Judge

Order of Service; Pending Motions
PRO-SE\BLF\CR.18\04047Saddozai_svc.motions

6