UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br>    Plaintiff,<br>v.<br>LOMU, et al.,<br>    Defendants. | Case No. 18-04047 BLF (PR)<br>**ORDER DENYING MOTION TO RECONSIDER APPOINTMENT OF COUNSEL; GRANTING REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION**<br><br>(Docket Nos. 34, 36) |

Plaintiff, a state prisoner proceeding *pro se* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 5, 2018, the Court dismissed the complaint with leave to amend. (Docket No. 11.) In the same order, the Court denied Plaintiff's motion for appointment of counsel. (*Id.*; Docket No. 4.) On July 11, 2019, the Court screened the amended complaint and found it stated cognizable claims under the Eighth Amendment for deliberate indifference to serious medical needs against Defendants Lomu and Copeland, officers at the Maguire Correctional Facility in San Mateo County. (Docket No. 22.) The Court ordered the matter served on Defendants, who were directed to file a dispositive motion or notice regarding such motion within ninety-one days from the date the order was filed. (*Id.* at 4.) Plaintiff has filed a motion to reconsider appointment of counsel based on new grounds. (Docket No. 34.) Defendants' counsel filed a letter, requesting the Court to

modify the deadline for filing a dispositive motion set in the court's Order of Service due to delays in discovery. (Docket No. 36.)

Plaintiff has filed two motions for appointment of counsel, (Docket Nos. 4, 16), which the Court denied for lack of extraordinary circumstances. (Docket Nos. 11, 22.) In his motion to reconsider appointment of counsel, Plaintiff asserts that new problems have come up in his case that are beyond his capabilities to handle and are restricting his abilities to litigate this matter. (Docket No. 34 at 2.) Specifically, Plaintiff asserts that he is not able to utilize prison facility law library services because of threats, harassment, and discrimination by prison law librarian and her inmate clerks who are preventing him access to the courts. (*Id.*) Plaintiff then makes allegations involving retaliation, false disciplinary charges, and the denial of medical. (*Id.* at 3-7.) Plaintiff claims that he needs legal assistance in order to "file such claims" and to pursue "court actions for constitutional violations arising from prison conditions." (*Id.* at 7.)

Plaintiff has twice been advised that there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). This is certainly not the situation which Plaintiff faces since this action involves inadequate medical care and not the loss of his physical liberty. Furthermore, the decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's motion includes new allegations against individuals who are not a party to this action and are therefore beyond the scope of this action. Nor does Plaintiff explain how the difficult circumstances he faces have specifically made it difficult to pursue this particular action. Rather, the challenges he faces, including frequent lockdowns and limited law library access, are no different from

those faced by other *pro se* prisoner litigants. Accordingly, Plaintiff's motion for reconsideration of appointment of counsel is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

The Court construes Defendants' counsel's letter as a motion for an extension of time and GRANTS it for good cause appearing. Defendants' dispositive motion shall be filed **no later than January 2, 2020**, which is an extension of eighty-four days from the original deadline of October 10, 2019. Briefing shall proceed thereafter in accordance with the schedule set forth in the Court's Order of Service. (Docket No. 22.)

This order terminates Docket Nos. 34 and 36.

**IT IS SO ORDERED.**

Dated: _October 17, 2019_

                              BETH LABSON FREEMAN
                              United States District Judge

Order Denying Recon. For Appt. of Counsel; Granting EOT to File Disp. M.
PRO-SE\BLF\CR.18\04047Saddozai_deny-atty.recon&eotdisp