UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br>Plaintiff,<br>v.<br>CARLOS BOLANOS, et al.,<br>Defendants. | Case No. 18-04047 BLF (PR)<br>**ORDER DENYING REQUEST FOR INJUNCTION**<br><br>(Docket No. 39) |

Plaintiff, a California inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against employees at the Maguire Correctional Facility in San Mateo County. The Court found the amended complaint stated a cognizable claim for deliberate indifference to serious medical needs under the Eighth Amendment. (Docket No. 22 at 2.)

Plaintiff has filed a letter, requesting the Court to order prison officials at Ironwood State Prison ("ISP"), where he is currently incarcerated, to "cease and desist obstructing me from initiating and maintaining my court actions." (Docket No. 39.) He asserts that prison officials at ISP have repeatedly "used force, violent, threat, fear, and retaliation" to stop him from pursuing this action. (*Id.*) Plaintiff also asserts that ISP's law librarian has refused to assist him. (*Id.*) The Court construes the request as a motion for an injunction.

An injunction is binding only on parties to the action, their officers, agents,

servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d). In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity. *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996). The court should not issue an injunction that it cannot enforce. *Id.* This Court has no jurisdiction over ISP or its employees in this action which involves only employees at the Maguire Correctional Facility. Accordingly, the motion must be denied. *Id.*

This order terminates Docket No. 39.

**IT IS SO ORDERED.**

Dated: _December 26, 2019_

BETH LABSON FREEMAN
United States District Judge

Order Denying Request for Injunction
PRO-SE\BLF\CR.18\04047Saddozai_deny.injunction

2