UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>  Plaintiff,<br><br>v.<br><br>LOMU, et al.,<br><br>  Defendants. | Case No. 18-04047 BLF (PR)<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL; GRANTING EXTENSION OF TIME; DENYING LEAVE TO FILE AMENDED COMPLAINT; GRANTING MOTION TO STRIKE; TERMINATING MOTIONS; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 44, 48, 51, 52, 61, 62) |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against employees at the Maguire Correctional Facility ("MCF") in San Mateo County. On July 11, 2019, the Court found the amended complaint, Dkt. No. 10, liberally construed, stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Deputy Sheriffs Lomu and Copeland. Dkt. No. 22 at 2. The Court ordered the matter served on Defendants, directing them to file a dispositive motion or notice regarding such motion. *Id.* On December 31, 2019, Defendants filed a motion for summary judgment. Dkt. No. 46. Defendants then filed an amended motion to change the hearing date in their original motion. Dkt. No. 48. The Court thereafter vacated all hearings as the matter was deemed submitted upon the

filing of Defendants' reply.  Dkt. No. 50.  Accordingly, the Court shall order the Clerk to terminate the pending motion under Docket No. 48, as this matter shall proceed on the summary judgment motion filed under Docket No. 46.  The Court will address below several pending motions other than Defendants' summary judgment motion, which will be addressed in a separate order.

## DISCUSSION

### A. Motions for Reconsideration Regarding Appointment of Counsel

Plaintiff filed a motion for reconsideration of the last court order denying him appointment of counsel, asserting new grounds.  Dkt. No. 51.  Defendants oppose the motion.  Dkt. No. 57.  In his motion, Plaintiff also generally requests a preliminary injunction and court order for prison officials to "cease and desist violence, harassment and retaliation to interefer[e] with plaintiff's civil action."  *Id.* at 2.  At the time he filed the motion, Plaintiff was housed at Corcoran State Prison ("CSP"), which is not a party to this action.  Accordingly, the Court has no jurisdiction over CSP or any of its employees in this action to issue an injunctive order against them.  Plaintiff must file any new claims against CSP employees in a separate civil rights action.

As Defendants point out, this is now Plaintiff's fourth attempt to have counsel appointed in this matter.  Dkt. No. 57 at 2.  Defendants assert that Plaintiff fails to show that his changed circumstances warrant appointment of counsel.  *Id.* at 4-5.  Plaintiff asserts the following grounds for appointment of counsel: lack of legal material and access to the law library and legal assistance, and the need for assistance to conduct discovery.  Dkt. No. 51 at 4-7.  The Court notes that despite the challenges he alleges, Plaintiff has managed to litigate this case by filing numerous documents, including an opposition to Defendants' summary judgment motion along with exhibits in support as well as a motion for leave to file an amended complaint.  *See* Dkt. Nos. 41-1, 49, 51, 52, 53, 54.  Accordingly, the motion for reconsideration is DENIED for lack of changed

circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  For the same reasons discussed above, Plaintiff's nearly identical motion for reconsideration, filed shortly after Defendants' summary judgment motion became submitted, is DENIED.  Dkt. No. 61.

B.     **Motion for Extension of Time**

In the same motion for reconsideration, Plaintiff concurrently requested an extension of time without specifying what the extension of time was for.  Dkt. No. 51 at 2, 13.  The Court notes that at the time he filed the motion, Plaintiff's opposition was due no later than twenty-eight days after Defendants' summary judgment was filed, *i.e.*, no later than January 28, 2020.  *See* Dkt. Nos. 22, 46.  Plaintiff filed his opposition on February 19, 2020.  Dkt. No. 54.  Accordingly, to the extent that Plaintiff was seeking an extension of time to file an opposition, the motion is GRANTED.  Plaintiff's opposition filed on February 19, 2020, is deemed timely filed.

C.     **Motion for Leave to File Amended Complaint**

Plaintiff filed a motion for leave to file another amended complaint to add the Sheriff of San Mateo County and the City of Redwood City (the "City") as defendants to this action.  Dkt. Nos. 52, 51-1.  He asserts that the grounds for liability is that Defendants Copeland and Lomu were each acting as the "agent, servant, and employee" of the Sheriff when they acted with deliberate indifference to Plaintiff's serious medical needs.  *Id.* at 2, 4.  Plaintiff claims that the Sheriff "conspired or acted jointly under the color of state law pursuant to a policy or custom with… the City of Redwood City, California, and liable for the Sheriff's actions whom are county policymakers at least for the purpose of the jail management [*sic*]."  *Id.*  Plaintiff claims generally that these newly named Defendants deprived his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  *Id.*  Plaintiff also seeks to add state law claims under supplemental jurisdiction.  *Id.*

3

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (internal quotations and citations omitted). Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co.*, 42 F.3d at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Defendants oppose the motion based on undue delay, undue prejudice, and futility. Dkt. Nos. 55 at 3, 56 at 3. Defendants assert that Sheriff Bolanos, the name of the Sheriff of San Mateo County, was named in Plaintiff's original complaint, but the Court found there were no factual allegations made against him. *Id.* When given an opportunity to allege such facts, Plaintiff filed an amended complaint which did not name Sheriff Bolanos as a defendant. Dkt. No. 15. Defendants assert that in the year since he filed the amended complaint, Plaintiff failed to conduct any discovery whatsoever. Dkt. Nos. 55 at 3, 56 at 3. Defendants assert that Plaintiff had an opportunity over a year ago to allege facts against Sheriff Bolanos, and he fails to establish good cause for why he should be allowed to name Sheriff Bolanos now. *Id.* Defendants also assert there is no good cause for Plaintiff to amend to add the City as defendant because Plaintiff fails to articulate any reason why he

4

should be granted leave to do so a year and a half into the litigation. *Id.* at 5. Defendants also assert that they will suffer undue prejudice if Plaintiff is granted leave to amend because they will have to file another dispositive as to the new defendants. *Id.* Lastly, Defendants assert leave to amend would be futile because Plaintiff's allegations against Sheriff Bolanos and the City are threadbare and insufficient to state a *Monell*[1] claim. *Id.* at 4-5. Defendants also point out that the Sheriff of San Mateo County operates County jails, implying that the City has no authority over the county jails. *Id.* As such, Defendants assert that the proposed claims against the Sheriff and the City cannot be saved by any further amendment. *Id.*

Before the Court granted him leave to do so, Plaintiff filed a second amended complaint which contains nearly identical allegations against the Sheriff and the City that were stated in his motion for leave to amend. Dkt. No. 61 at 4, 6. Defendants move to strike the second amended complaint because the time for filing an amendment as a matter of course has long since expired and Plaintiff did not obtain leave of court under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Dkt. No. 62 at 3-4. Defendants also assert that in the alternative, the second amended complaint should be dismissed because it fails to state a claim upon which relief can be granted. *Id.* at 6-8.

After reviewing Plaintiff's allegations in his motion and his proposed second amended complaint, Dkt. Nos. 52, 61, and for the several reasons asserted by Defendants in opposition, the Court finds Plaintiff's motion for leave to amend should be denied. *See Janicki Logging Co.*, 42 F.3d at 566. The Court has particularly broad discretion to deny leave here since Plaintiff has previously filed an amended complaint. *Wagh*, 363 F.3d at 830. Furthermore, Plaintiff was made aware of the standard to state a *Monell* claim in the Court's initial order dismissing his original complaint with leave to amend. Dkt. No. 11 at

---

[1] Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).

5

3. Plaintiff provides no explanation as to why he did not attempt to allege sufficient facts to state a claim against Sheriff Bolanos in his first amended complaint or why he waited well over a year thereafter to seek leave to add a *Monell* claim against the City. Accordingly, Plaintiff fails to justify the delay in seeking leave to file a second amended complaint. Furthermore, Defendants' summary judgment motion is fully briefed and submitted, such that they would be unduly prejudiced by a second amendment adding new defendants at this late stage in the proceedings.

Lastly, an amendment to add new defendants would be futile because Plaintiff does not allege sufficient facts to support a claim against Sheriff Bolanos and the City. Based on his general allegations, Plaintiff is attempting to hold the Sheriff and the City liable solely based on the acts of their subordinates and employees, which is not sufficient to state a claim. *See supra* at 3. First of all, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Nor can a city or county be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Plaintiff's allegations in his motion to amend regarding a conspiracy and a policy are merely conclusory and not supported by any factual allegations; the allegations in the proposed second amended complaint are identical and therefore do not cure this deficiency. Dkt.

6

Nos. 52, 60. Based on the foregoing, the motion for leave to amend is DENIED. Defendants' motion to strike the second amended complaint is GRANTED.

### D.   Administrative Motion to File Under Seal

In support of their summary judgment motion, Defendants filed an administrative motion to file under seal exhibits containing excerpts from Plaintiff's medical records. Dkt. No. 44. Plaintiff filed opposition, asserting that he needs full access to these documents and that there is no basis to deem them "confidential." Dkt. No. 53. Defendants filed a reply in which they withdraw their motion, inferring by Plaintiff's opposition that he consents to his unredacted medical records being filed with the Court and being publicly accessible. Dkt. No. 58. Accordingly, the administrative motion shall be terminated as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's motion for an extension of time is **GRANTED** such that his opposition filed on February 19, 2020, Dkt. No. 54, is deemed timely filed.

2.   Plaintiff's motions for reconsideration of appointment of counsel are **DENIED**. Dkt. Nos. 51, 61.

3.   Plaintiff's motion for leave to file a second amended complaint to add the Sheriff and the City of Redwood City as defendants in this action is **DENIED**. Dkt. No. 52. Defendants' motion to strike Plaintiff's second amended complaint, Dkt. No. 60, is **GRANTED**. Dkt. No. 62.

4.   The Clerk shall terminate the pending "amended" motion under Docket No. 48, as this matter shall proceed solely on Defendants' summary judgment motion filed under Docket No. 46.

5.   The Clerk shall also terminate Defendants' administrative motion to file under seal as Defendants have withdrawn the motion. Dkt. No. 58.

This order terminates Docket Nos. 44, 48, 51, 52, 61, and 62.

**IT IS SO ORDERED.**

Dated: __August 5, 2020_____

*Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order Denying Recon; Granting Ext, of Time; Denying LTA; Terminating Motions
PRO-SE\BLF\CR.18\04492Saddozai_recon.atty.lta